(25 Misc. Rep. 361.)

## In re SHERRY.

(Supreme Court, Special Term, Suffolk County.    November, 1898.)

INTOXICANTS—TAX CERTIFICATE—CONSENT OF LANDOWNERS.
    Under the liquor tax law, requiring the consent of the owner or agent of dwellings within 200 feet of a saloon before a liquor tax certificate will issue, a lessee of such dwelling cannot execute consent.

Petition by John Sherry to revoke a liquor tax certificate issued by him, as county treasurer of Suffolk county, to George Van Ausdall, Jr.    Granted.

George C. Hendrickson, for petitioner.
William McKinney, for respondent.

SMITH, J.    This application is made for the revocation of the liquor tax certificate issued to George Van Ausdall, Jr., by the county treasurer of Suffolk county, on the ground that the application for said certificate contained a false representation as to the truth of a fact upon which depended the right of the applicant to receive said certificate.    The application states that there are two buildings occupied exclusively as dwellings, the nearest entrance to which is within 200 feet, measured in a straight line, of the nearest entrance where the traffic in liquors was to be conducted, and that the names of the owners of such buildings were Gustav Koerner and Edwin C. Dusenberry, lessee and agent, and the consents of these gentlemen that the applicant carry on the traffic, duly executed and acknowledged, are attached to and form a part of the application.    The law provides that such consent may be executed by the owner or the duly-authorized agent or agents of such owner of the buildings.    It is undisputed that Mr. Dusenberry did not have the legal title of the building occupied by him, and was not the agent of the person holding the legal title, but was his lessee; and the contention of the applicant is that, having the exclusive right to the occupation of the premises for the time being, he was the owner of the same, within the meaning of the law, and had a right to give the consent required by the liquor tax law.

The owner of land is commonly understood to be the person who has the legal title thereto, and not one who, for the time being, has simply the right of possession.    I think, if the legislature had intended a meaning of the term "owner" different from the ordinarily accepted meaning thereof, apt words would have been used to denote the qualification of such meaning.    Buildings are occupied in a great number, if not in a majority, of cases, by lessees thereof having the exclusive right of possession for a fixed term.    If it were intended

that lessees could give the consents in question, I think the legislature would have specifically so stated.

The law also provides that there shall be filed with the application for the certificate a consent in writing that such traffic shall be carried on, on the premises for which the certificate is applied, executed by the owner of the premises or by his duly-authorized agent.   In this case the consent was executed by Gustav Koerner, who held the legal title to the premises where the traffic in liquors was to be carried on.   If the lessee could execute such consent, Mr. Van Ausdall, who was the lessee, would not require the consent of Mr. Koerner, the holder of the legal title.   I think the word "owner" has the same meaning where the law refers to the owner on whose premises the traffic is to be carried on, and the owner of the buildings within 200 feet thereof, and that such one is owner who has the legal title thereto.   In certain cases, the person holding the legal title could subject his tenant, without the tenant's consent, to the annoyance of an adjacent saloon. On the other hand, the tenant, if he had such right, could subject the property of his landlord, against his landlord's protest, to the possible depreciation of his property by the presence of a saloon.   I can see many reasons why the consent of both landlord and tenant should be required; but, as the law now stands, I find it to be the legislative intent to require the consent only of the holder of the legal title to the buildings affected.   The application must be granted, but without costs.

Application granted, without costs.