PARKER, Ch. J., BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.

Supreme Court, Kings Special Term, April, 1903. Unreported.

Matter of the Application of GABRIEL SELIG to Revoke the Liquor Tax Certificate of DANIEL BUCKLEY.

GARRETTSON, J.: The respondent stated in his application for the certificate that he was the owner of the premises where the business of trafficking in liquors was to be carried on.

It appears by the proofs and is not disputed, that he then. held a contract with Frederick Schwartje, the owner of the legal title, for the purchase of the premises for $7,250. This contract is dated and presumably was executed on February 19th, 1902, and

provides for the delivery of a deed on March 15th, 1903. It is also provided therein that the contract " shall be void and cease ·· * * * " if the vendee fails to procure from the Board of Excise a proper license to allow him to carry on a liquor and saloon, or hotel business on said premises."

The revocation of the certificate is asked for, upon the ground, among others, that the statement of the applicant that he was the owner of the premises, was untrue when made, and that the consent of Schwartje, the legal owner, was not filed with the application. The respondent claims that because he then held the contract and was the equitable owner of the premises, he was the owner of the premises within the meaning of subdivision 6 of section 17 of the Liquor Tax Law.

I am of the opinion that this contention cannot prevail. The language of the statute is to be taken in its ordinary and usual signification and meaning. This requires the construction that the word " owner " refers to the holder of the legal title, the person in whom the fee of the premises is vested. (*Matter of Sherry*, 25 Misc. 361.)

It seems that the respondent was permitted to go into possession of the premises, although the right so to do is not given by the contract. This does not add force to his claim of ownership. Besides, the contract was not absolute but conditional, and in the event that the respondent should not be able " to secure a proper license," &c., the contract is to become " void and cease." Neither party was to be bound thereby in that contingency. In effect, if not in terms, the contract was not to be binding until " a proper license " had been secured. It follows that the consent in writing of the owner of the premises, that traffic in liquors be carried on in such premises has not been obtained and filed as required by subdivision 6 of section 17 above cited, and that the certificate should be revoked and cancelled under section 28 of the Liquor Tax Law.

It is therefore unnecessary to consider the further question whether the statements of the applicant that he had obtained the necessary consents of the owners of two-thirds of the buildings occupied exclusively for dwellings, the entrances of which are within two hundred feet of the nearest entrance to the premises where the traffic in liquors is to be carried on, are false.

The petition is granted, with costs and disbursements to be taxed as in a special proceeding.