(93 Misc. Rep 563)

In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Herkimer County. March 21, 1908.)

1. INTOXICATING LIQUORS ☞66—TAX CERTIFICATE—CONSENT OF DWELLING OWNERS—ERROR IN NUMBER—EFFECT.

Liquor Tax Law (Laws 1896, c. 112) § 17, subd. 8, provides that the consent of two-thirds of the owners of dwellings, whose nearest entrances are within 200 feet of the saloon entrance, shall be filed with the statement made for a liquor tax certificate. Respondent asserted in such statement that there were 12 dwelling buildings within such distance, when in fact there were but 10. Held, that such error was not ground for the revocation of the certificate, where two-thirds of the consents of the owners of the 10 buildings were valid.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 66; Dec. Dig. ☞66.]

2. INTOXICATING LIQUORS ☞66—TAX CERTIFICATE—DWELLING OWNERS' CONSENT—EQUITABLE TITLE—SUFFICIENCY.

Where the consents of two-thirds of the 10 dwelling owners included 3 consents by owners of the equitable title under contracts of purchase, the two-thirds consent was sufficient, since such equitable title, with the legal title held in trust by the vendor for the vendee's benefit, is a sufficient ownership under such section of the Liquor Tax Law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 66; Dec. Dig. ☞66.]

Application by Maynard H. Clement, State Commissioner of Excise, for revocation of a liquor tax certificate issued to Antonio D. Ambrosia. Application denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This is an application by the state commissioner of excise for an order revoking and canceling a liquor tax certificate upon the ground that the holder of the certificate made a misrepresentation in the statement made for the same in that he alleged that there were 12 buildings occupied exclusively for dwellings 'each of whose nearest entrance to the premises in which traffic in liquor was to be carried on was within 200 feet measured in a straight line from the said premises in which traffic in liquor was to be carried on, whereas there were only 10 such buildings, and on the further ground that 3 of the 7 persons who gave consents held their houses and lots under contracts for the purchase of the same, and did not hold the legal title to the same, and hence were not the owners of the buildings, within the meaning of subdivision 8 of section 17 of the Liquor Tax Law. Laws 1896, c. 112, as amended.

The application was originally made to the Herkimer Special Term, and, an answer having been interposed by the respondent, the court appointed a referee to take the evidence. The matter now comes before the court upon the original petition, the answer, and the evidence taken by the referee.

Arthur H. Smith, of Shortsville, for petitioner.
James H. Greene, of Herkimer, for respondent.

DE ANGELIS, J. [1] I think that the error made by the holder of the certificate, in his statement that there were 12 buildings, instead of 10 buildings, within the 200-foot space, is immaterial, if the consents of the owners of two-thirds of the 10 buildings are valid; in other words, if the consents of the owners of 7 such buildings are valid. This narrows the controversy down to the question whether or not persons in possession of their houses and lots under contracts for the purchase of the same are owners thereof within the meaning of the Liquor Tax Law.

[2] The petitioner insists that "owner," as used in the statute, means, and was intended to mean, "owner in fee," or person holding the absolute legal title to the building. The petitioner cites Matter of Sherry v. Van Ausdall, 25 Misc. Rep. 361, 55 N. Y. Supp. 421, and Matter of Selig v. Buckley, not reported, but said to be a decision of the Kings County Special Term held by Garrettson, J., in April, 1903. The Van Ausdall Case simply holds that a lessee of a building is not its owner. The Buckley Case is distinguishable from the case at bar. There were peculiar provisions in the contract of sale in that case which do not appear in this case. There the court had under consideration subdivision 6 of the Liquor Tax Law requiring the consent in writing of the owner of the "premises" on which traffic in liquor was to be carried on. The term "premises" includes land and buildings.

Subdivision 8 of section 17 by implication does not require that the ownership should be in fee, for the reason that the same only requires the consent of the owner of the *building,* who may have no title to the land, but simply the right to maintain the building on the land and the right to remove the same. Under a contract for the purchase of lands, while the legal title remains in the vendor, the equitable title is in the vendee. The vendor holds the legal title in trust, for the benefit of the vendee.

The Court of Appeals has held that the vendee in such a case may fairly be described as the "owner" of the premises. Pelton v. Westchester Fire Insurance Company, 77 N. Y. 605. This was an action

upon a fire insurance policy, where the policy contained the provision "that, if the interest of the assured was any other than the entire unconditional and sole ownership of the" premises, it must be so represented to said company, or "that the said policy should be void." Judge Danforth in that case quoted from the language of Lord Eldon, referring to the interest of the vendee in a similar contract, as follows:

"If the party by the contract has become in equity the owner of the premises they are his to all intents and purposes; they are vendible as his, chargeable as his, capable of being incumbered as his; they may be devised as his; they may be assets; and they would descend to his heirs."

It may be objected that, if the vendor should regain possession of the premises by foreclosure or ejectment, the annoyance of a saloon might be imposed on him without his consent. But it may be answered that in selling the premises he took that chance. The owner can give such consent, without the building is under a long lease to a tenant, as stated in the Van Ausdall Case. This might be a great embarrassment to the tenant.

Again, if the vendor had given a deed and taken back a purchase-money mortgage for the full consideration, concededly the grantee under the deed would have a right to give the consent, and then, if the grantor had to take back the premises by foreclosure or otherwise, he would be embarrassed in the same manner as one who had taken back the premises as vendor under a contract for the sale of the premises. I think these vendees are fairly to be considered owners.

Application denied, with costs and disbursements.